TAGGED OPINION



**ORDERED in the Southern District of Florida on June 21, 2018.**

_____
**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                    CASE NO. 17-24555-BKC-LMI

RITA A. ALONSO a/k/a RITA VALLEJO,        Chapter 7

       Debtor.
_____/

### ORDER DENYING JUDGMENT CREDITOR'S MOTION FOR RELIEF FROM STAY AND DETERMINING CREDITOR HAS A LIEN ON DEBTOR'S PROPERTY

This matter came before the Court upon the Motion for Relief from Stay filed by F.A. Management Solutions, Inc. (ECF #11) (the "Motion for Relief"). The Court has reviewed the Motion for Relief, the Objections filed by the Debtor, Rita Alonso (ECF ##14, 51), the Response in Opposition (ECF #26) filed by the Chapter 7 Trustee, Marcia Dunn, and the Memorandum of Law filed by the movant, F.A. Management Solutions, Inc. (the "Judgment Creditor"). For the reasons more fully described below, the Court rules that, although the Judgment Creditor does

have a lien on the Debtor's homestead, the Judgment Creditor is adequately protected and, therefore, stay relief is DENIED.

## FACTS[1]

On February 26, 2004, the Judgment Creditor obtained a final judgment in the amount of $8,104.81 against Eliodoro Vallejo, the Debtor's former husband (the "Ex-husband"). That final judgment was recorded in the Public Records of Miami-Dade County, Florida, thereby creating a lien of record (the "Judgment Lien").

Prior to the entry of the final judgment, the Debtor and her Ex-husband took title to a condominium in Miami-Dade County, Florida that became their homestead (the "Homestead"). Sometime in 2012, the Debtor and her Ex-husband divorced. On September 11, 2013, the Ex-Husband and the Debtor conveyed their interest in the Homestead to the Debtor individually.

The Debtor filed this chapter 7 bankruptcy case on December 5, 2017 (the "Petition Date"). Inexplicably, the Debtor scheduled the debt her Ex-husband owes to the Judgment Creditor as her debt only,[2] and the debt as unsecured.

In its Motion for Relief, the Judgment Creditor argues that its Judgment Lien is a lien on the Homestead because, from the time of the divorce in 2012 until the Homestead was conveyed to Debtor in 2013, the Debtor and her Ex-husband held the Homestead as tenants in common, since their entireties estate was terminated upon their divorce. The Debtor counters that the Homestead has always been the Debtor's homestead and therefore protected under Florida law, and, moreover, that the Homestead was transferred to the Debtor as a partition of marital assets.

---

[1] These facts are taken from the pleadings filed by Judgment Creditor. The Debtor has not disputed the facts, just the Judgment Creditor's lien on the Homestead, although the Debtor has not filed a complaint to determine the extent, validity or priority of that lien or a motion to strip the lien in accordance with 11 U.S.C. §522(f).
[2] The Judgment Creditor does not suggest that the Debtor is obligated to repay the Ex-husband's debt, only that the Judgment Lien encumbers the Homestead.

2

The Debtor appears to argue that because the Judgment Lien is not a mortgage, it is not a lien against the Homestead.

The Trustee's objection to the Motion for Relief is based on the fact that first, it is unclear what interest, if any, the Judgment Creditor has in the Homestead, and second, if there is such an interest, such interest is adequately protected because there is equity in the Homestead.

## ANALYSIS

Resolution of whether the Judgment Creditor has an interest in the Homestead is governed entirely by Florida law. Generally, when one spouse in a divorce receives an interest in real property that was previously held in a tenancy by the entireties, any judgment liens owed by only one of the spouses will not attach to the real property. *Sharp v. Hamilton,* 520 So. 2d 9 (Fla. 1988). In *Sharp v. Hamilton,* the Florida Supreme Court rejected a Third District Court of Appeal holding that there is a brief moment, a "twinkling of the legal eye," when the transfer of the entireties property to one spouse converts the interest to a tenancy in common, thereby subjecting the transferring spouse's interest to any judgment liens. The Florida Supreme Court held that there is no "twinkling" of any "legal eye" and that, where in a judgment of dissolution, real property is awarded to one spouse, the transfer is deemed to occur upon entry of the judgment and the transfer is therefore free and clear of any interests of the transferring spouse and those of his or her creditors. The judgment of dissolution controls, the Court held, and "operates as a defeasance of the husband's interest in the property as though he had predeceased his wife". Consequently, neither a judgment lien arising from a debt owed solely by the husband, nor a mortgage that was executed solely by the husband, attached to the property at issue. *Id.* at 10 -11.[3]

---

[3] Florida law now provides by statute that "[t]he judgment distributing assets shall have the effect of a duly executed instrument of conveyance, transfer, release, or acquisition which is recorded in the county where the property is

But, where the judgment of dissolution does not allocate the property in its provisions, but rather directs the parties to take action to transfer the property, the result changes. In such an instance, if the parties are divorced before the property is transferred, during that time gap, the parties hold the property as tenants in common, and any judgment lien will attach to the interests of the individual tenant. *Pegram v. Pegram,* 821 So. 2d 1264 (Fla. 2d DCA 2002); *see Hadden v. Cirelli*, 675 So. 2d 1003 (Fla. 5th DCA 1996).

In this case, the Debtor and her Ex-husband divorced in 2012 but the Homestead was not conveyed to the Debtor until 2013. So, during this time period the Debtor and her Ex-husband owned the Homestead as tenants in common and the Judgment Lien attached to the Ex-husband's interest. Accordingly, the Judgment Creditor does have an interest in the Homestead as a secured creditor.[4]

Nonetheless, the Motion for Relief is denied. The Judgment Creditor's interest is protected by equity in the Homestead.

The parties are directed to proceed consistent with this Order.

# # #

**Copies furnished to:**
Mitchell Dinkin, Esq.
Carlos Santos, Esq.
Michael Dunn, Esq.

*Attorney Dinkin is directed to serve a copy of this order upon all parties in interest and file a certificate of service with the Clerk of Court.*

---

located when the judgment, or a certified copy of the judgment, is recorded in the official records of the county in which the property is located." Fla. Stat. §61.075(4) (2018).

[4] Nothing in this opinion is intended to limit the Debtor's right, if any, to strip the Judgment Lien from her Homestead pursuant to 11 U.S.C. §522(f). That issue is not before the Court.